GOTTLIEB SCHMIDT *vs.* NEW YORK UNION MUTUAL FIRE INSURANCE COMPANY.

In an action on a policy of insurance against loss by fire, the defence relied on was, that the fire was occasioned by the wilful and fraudulent act of the plaintiff; the judge refused to instruct the jury that they must be satisfied of the truth of this defence beyond a reasonable doubt, but did instruct them that they must be satisfied as reason able men, before they could find for the defendant. The judge also ruled, that the character of the plaintiff was not necessarily involved in the issue, that it was not necessary for the defendants to show that the plaintiff had committed any indictable offence, but that it would be sufficient to show that the plaintiff had purposely and wantonly set fire to the property insured, and that, if he had thus set fire to it, he could not recover for the loss. *Held*, that the plaintiff had no ground of exception.

The personal knowledge of individual jurors as to the character of witnesses is not to be taken into consideration by the jury in making up their verdict.

ACTION OF CONTRACT on a policy of insurance on the plaintiff's dwelling house, barn, &c. against loss· or damage by fire. The answer set forth, besides other grounds of defence, the following: 1. " That the fire occurred through the negligence of the plaintiff." 2. " That the fire was set with the previous knowledge and consent of the plaintiff." 3. " That the fire was set by the plaintiff, and was his own fraudulent and wilful act."

Trial in the court of common pleas, before *Perkins*, J. who signed the following bill of exceptions : " The part of the answer relied upon, and to sustain which most of the defendant's evidence was introduced, was that alleging that the plaintiff pur posely set fire to the property insured, and burnt it.

" The plaintiff's counsel argued, and requested the court to rule, that the defendants must satisfy the jury, on the issue made by the answer, beyond any reasonable doubt, that the plaintiff purposely set fire to the property insured, before they could find for the defendants. The court instructed the jury that the burden of proof, upon this issue, was on the defendants ; but that the rule, in reference to the extent to which the jury must be satisfied, would not be stated in this case, as is usual in criminal cases, that the jury must be satisfied beyond all reasonable doubt; but in this, being a civil case, the rule by which they would be governed was the usual one in such cases, that the jury must be

reasonably satisfied, or in other words, the jury must be satisfied as reasonable men, of the truth of the allegations made by the defendants, before they could find in their favor; if the jury, as reasonable men, were fully satisfied of the truth of these allegations, that would be sufficient.

" There was no evidence introduced or offered by either party respecting the character of the plaintiff or his wife, but the plaintiff's counsel, in his closing argument to the jury, alluded to matters not in evidence, for the purpose of impressing upon the jury the conviction that the character of the plaintiff and that of his wife were so good, that neither of them would be likely to have committed such an act as that charged in the defendants' answer.   But the court ruled that neither the character of the plaintiff, nor that of his wife, was necessarily involved in the issue; that it was not necessary for the defence to make out a case which would be sufficient to convict the plaintiff of the offence, provided against in the statutes of the Commonwealth, of burning one's own house with intent to defraud the insurers; that the plaintiff might have burned the house, being his own house and on his own land, so as to avoid this action, without committing any indictable offence; and therefore, in order to find for the defendants, it was not necessary for the defendants to prove, that the plaintiff had committed an offence for which he might be indicted and punished criminally under any law of the Commonwealth ; that it would be sufficient, as to this point, that the plaintiff had himself purposely and wantonly set fire to and burnt the property, for the destruction of which this action was brought; that as there was no suggestion or allegation or proof, that there was any sufficient cause for burning the property, (if the plaintiff did burn it,) but only a simple denial of the fact on the part of the plaintiff, if he had thus set fire to it and burnt it, he could not recover for the loss of the insurers.

" There was no evidence introduced or offered respecting the character for truth and veracity, or in any other respect, of any of the witnesses introduced by the defendants.   But the counsel for the plaintiff having remarked in his closing argument, for the

first time, upon the character of two of the defendants' wit-
nesses, and stated his belief that some of the jury knew per-
sonally that these witnesses were, as to their general character,
so infamously bad, that they were not worthy of belief; the
court instructed the jury, that they could take into view all the
evidence they had seen or heard in this case, going to affect the
character or standing of any of the witnesses, as well as for
other legitimate purposes; that the appearance of the witnesses
upon the stand, and their mode of testifying, were fair matters
of comment, and should have their just influence; and so the
jury might act upon any other information or matter of common
observation which was within, or might fairly be supposed to be
within the common knowledge of all the jurors; but that any
particular knowledge of any facts, such as respecting the general
infamous character of any of the defendants' witnesses, not
testified to, or otherwise appearing in the case, not within the
common knowledge of all the jurors, not being open to com-
ment on the part of the defendants' counsel, or to instruction
on the part of the court, but which was in possession merely of
some one or more, but not the whole of the jury, could not
fairly be taken into view by the jury, and should have no in-
fluence on their minds in making up their verdict, or in weighing
the evidence and proof in the case; that if any of the jury knew
of any facts or circumstances which would be material and
legitimate evidence in the case, he might be called to the stand
as a witness, but that he should not communicate any particular
knowledge, possessed by himself alone, to the jury, for the first
time, in the jury room; nor could he properly act upon any such
knowledge as if it were a part of the evidence in the case.

" The jury found a verdict for the defendants. The plaintiff
excepts to the foregoing ruling and instructions."

*D. W. Alvord & G. D. Wells*, for the plaintiff. 1. The defend-
ants should have been required to prove, beyond a reasonable
doubt, the allegation in their answer, that the plaintiff wilfully
set fire to his house. Ordinarily, in civil cases, it may not be
necessary, in order to sustain the burden of proof, to remove all
reasonable doubts from the mind of the jury. But where the

Schmidt *v.* New York Union Mutual Fire Insurance Company.

issue is, whether a crime has been committed, the same degree of proof is required, as in criminal cases. 2 Greenl. Ev. §§ 40, 426. *Chalmers* v. *Shackell,* 6 Car. & P. 475. *Steinman* v. *McWilliams,* 6 Barr, 170. *Hopkins* v. *Smith,* 3 Barb. 599. *Woodbeck* v. *Keller,* 6 Cow. 118. *Lanter* v. *McEwen,* 8 Blackf. 495. *Dwinells* v. *Aiken,* 2 Tyler, 75. *Laughran* v. *Kelly,* 8 Cush. 199. For the rule in criminal cases, see *Commonwealth* v. *Dana,* 2 Met. 340; *Commonwealth* v. *Webster,* 5 Cush. 319, 320.

2. The judge erred in instructing the jury that the plaintiff's character was not at issue, and that it was not necessary for them, in order to find for the defendants, to believe that the plaintiff had committed any criminal act. *Fiske* v. *New England Marine Ins. Co.* 15 Pick. 317. If the answer did not charge an offence indictable under Rev. Sts. *c.* 126, § 8, it alleged a fraud of such a degree of moral turpitude, as to put the ordinary presumption of innocence on the side of the plaintiff.

3. If any of the jurors knew, of their own knowledge, that some of the defendants' witnesses were of such character as to be unworthy of belief, they had a right to give effect to, and to be influenced by, that knowledge. Worthington on Juries, 59, 127, 128. *Bushell's case,* Vaugh. 147, 148. *Patterson* v. *Boston,* 20 Pick. 159. *Murdock* v. *Sumner,* 22 Pick. 156. *Commonwealth* v. *Dillane, ante,* 486. The character of witnesses is a matter to which the reason for summoning jurors from the neighborhood particularly applies. A witness may be of such a character that many of the jury would not believe him, and yet if not impeached, (and the opposite party might have no means of impeaching him,) the jury, under this ruling, would be bound to give effect to his testimony. There is no reason for the distinction taken by the judge between the common knowledge of all the jurors, and the knowledge of one or more of them.

*C. Allen,* (*D. Aiken* was with him,) for the defendants. 1. The instruction as to the necessary amount of proof of the burning was sufficiently favorable to the plaintiff. (1.) Because a less degree of proof is necessary in civil cases than in criminal. 1 Greenl. Ev. § 537. 3 Greenl. Ev. § 29. McNally on Ev. 578. 2 Russ. on Crimes, (7th Amer. ed.) 727. *Hoffman* v. *Western*

*Marine & Fire Ins. Co.* 1 La. Ann. Rep. 216. *England* v. *Bourke,* 3 Esp. R. 80. 1 Stark. Slander, 236. *Sperry* v. *Wilcox,* 1 Met. 267. (2.) Because no crime is charged in the answer. *Bloss* v. *Tobey,* 2 Pick. 320. *Commonwealth* v. *Child,* 13 Pick. 198, 201. (3.) Because the jury were instructed that they, as reasonable men, must be fully satisfied of the truth of the defendants' allegation as to the burning, which was substantially the instruction requested. *Aeby* v. *Rapelye,* 1 Hill's (N. Y.) Rep. 9.

2. If the plaintiff purposely burnt his own property, which was insured, he cannot recover of the insurers, although he thereby committed no crime; and therefore his character was not necessarily involved in the issue. *Chandler* v. *Worcester Mutual Fire Ins. Co.* 3 Cush. 328. *Fletcher* v. *Commonwealth Ins. Co.* 18 Pick. 421. Angell on Ins. § 127. Character is not put in issue, unless it is involved by the nature of the action, and not by plea only. 1 Greenl. Ev. § 55. *Attorney General* v. *Bowman,* 2 Bos. & Pul. 532, *note.* *Fowler* v. *Ætna Fire Ins. Co.* 6 Cow. 673. *Humphrey* v. *Humphrey,* 7 Conn. 116. *Potter* v. *Webb,* 6 Greenl. 14.

3. The instruction, that jurors had no right to act upon facts within their private knowledge, but not in evidence, was correct. 1 Stark. Ev. (4th Amer. ed.) 449. 1 Greenl. Ev. § 364, *note.* 2 Hale P. C. 306, 307. 3 Bl. Com. 374, 375. *Rex* v. *Rosser,* 7 Car. & P. 648. *The King* v. *Sutton,* 4 M. & S. 532. *Murdock* v. *Sumner,* 22 Pick. 156.

DEWEY, J. There seems to have been in practice a distinction taken between civil and criminal cases, as to the effect to be given to the mere preponderance of evidence. In the former, the duty of the jury is to decide according to the weight of the evidence. In the latter, all reasonable doubts are to be removed. Thus it is stated in 1 Greenl. Ev. § 537, "the jury in the civil action must decide upon the mere preponderance of evidence, whereas, in order to a criminal conviction, they must be satisfied of the party's guilt, beyond any reasonable doubt." 3 Greenl. Ev. § 29, is to the like effect. In 2 Russ. on Crimes, (7th Amer. ed.) 727, it is said, " where civil rights are

to be ascertained, a less degree of probability may be safely adopted as a ground of judgment, than in criminal cases, which affect life and liberty." McNally on Ev. 578, will be found to contain the same doctrine. The phrase, "reasonable doubts," seems to have been held peculiarly applicable to criminal trials, and has not been supposed to be equally applicable to civil cases.

If there be any class of civil cases, in which the instruction usually given in criminal cases might be required, it would be those where the defendant has, in a special plea in justification, fully and directly charged upon the plaintiff a crime, and where the same evidence must be adduced to support the plea, as would be required upon an indictment for the like offence In such a case, Mr. Greenleaf says, "it is conceived, that he would be entitled to the benefit of any reasonable doubts of his guilt, in the minds of the jury, in the same manner as in a criminal trial." 2 Greenl. Ev. § 426. The cases in the mind of the writer were doubtless actions of slander, where the justification could only be sustained upon a special plea, directly charging the crime, and alleging all the material facts necessary to constitute it. However that may be, the principle does not, as we think, apply to an action of assumpsit, or contract, as it is termed in the new practice act. In cases like the present, no special plea would have been required under the system of special pleading, but the defence might properly have been raised under the general issue.

In the present case, it may be further stated that there seems really to be but the slightest difference between the instructions actually given and those asked for by the plaintiff, understanding the terms "beyond a reasonable doubt" in their proper sense, and under the limitations stated in the case of *Commonwealth* v. *Webster*, 5 Cush. 320. The jury were instructed "that the burden of proof was on the defendants, and that the jury must be satisfied, as reasonable men, of the truth of the allegations made by the defendants, before they could find in their favor; if the jury, as reasonable men, were fully satisfied of the truth of these allegations, that would be sufficient."

In the view we take of this point, there is no ground for objection to the verdict for any error in this instruction.

2. The instruction to the jury, that the character of the plaintiff was not necessarily involved in the issue, must, in the present case, be taken in connection with the illustrations stated by the court, and with the concluding remark that it would be sufficient to maintain this defence, " that the plaintiff had himself purposely and wantonly set fire to and burnt the property; if he had thus set fire to it and burnt it, he could not recover for the loss of the insurers."

But when it is said that the character of the plaintiff was not involved in the issue, we must understand the presiding judge to refer to what might be a proper subject of inquiry by the jury. In this sense, it was entirely proper to say that the character of the plaintiff was not in issue. The nature of the action excludes all such inquiry or evidence in relation thereto. *Fowler* v. *Ætna Fire Ins. Co.* 6 Cow. 673. *Humphrey* v. *Humphrey*, 7 Conn. 116. *Attorney General* v. *Bowman*, 2 Bos. & Pul. 532, *note.*

3. It was undoubtedly the ancient doctrine that jurors were to render their verdict as well upon facts within their personal knowledge, as upon those derived from the testimony of the witnesses duly sworn and testifying in the case. 3 Bl. Com. 374. The practice of taking jurors from the vicinage seems to have been adopted under the notion that they might thus be the better qualified from their personal acquaintance with the facts, the parties and their witnesses, to decide the cases that might be brought before them. But at the present day it is thought a greater object, and more likely to secure the due administration of justice, to submit cases to impartial and unbiassed jurors; and that those are less likely to be so who have come from the immediate neighborhood of the parties, and have been either eye witnesses to the facts, or have had their minds imbued with the popular feeling as to the merits of the controversy.

With this change as to the proper qualifications of a juror, it has very naturally come to be well settled that a juror cannot give a verdict founded on facts in his own private knowledge. If the juror knows any particular fact material to the proper

decision of the case, he ought to be sworn as a witness in open court, and be publicly examined, so that his evidence, like that of other witnesses, may first be scrutinized as to its competency and bearing upon the issue, and for the further reason that the court and the parties may know upon what evidence the verdict was rendered. 1 Stark. Ev. 449, is direct to this point. The views of this court in the cases of *Parks* v. *Boston,* 15 Pick. 209, 210, *Patterson* v. *Boston,* 20 Pick. 166, and *Murdock* v. *Sumner,* 22 Pick. 156, in all which the subject was somewhat considered, fully accord with the principle above stated. A distinction was taken in those cases as to the juror's applying his own general knowledge and experience to the examination of the case, in estimating the weight of the evidence, and in assessing damages. While to this extent the juror may properly call to his aid his personal knowledge, learning and experience, as was properly held in those cases, yet no sanction was given to his acting upon his knowledge of a particular fact, known only to himself, and not a matter of common observation or general knowledge.

The court therefore perceive no sufficient ground for sustaining either of the exceptions taken to the rulings.

*Exceptions overruled.*