## SUN PRINTING & PUBLISHING ASS'N v. SCHENCK.

### (Circuit Court of Appeals, Second Circuit. January 5, 1900.)

### No. 79.

1. **LIBEL—OTHER PUBLICATIONS.**
   Evidence of previous publications by others of other or the same libelous matters charged by defendant is not admissible in reduction or mitigation of damages.

2. **SAME—DEFENSES IN MITIGATION.**
   Defenses, though called by the pleader "defenses in mitigation of damages," are not such, no matter pleaded having a tendency to show that defendant had acted in good faith in making his publication, believing it to be true, or under an honest misapprehension or inadvertence.

3. **SAME.**
   A defense to publication of libel, charging indictment of plaintiff with his partner, B., for forgery, alleging that plaintiff and B. had been guilty of forgery, and that on the day of publication of the libel B. was indicted, is not good in mitigation, it not being alleged that defendant was led by error to suppose the indictment against B. was against plaintiff, and that the publication was on that supposition.

4. **SAME—DEFENSES.**
   It is no defense to a libel that plaintiff has been guilty of offenses other than those imputed to him, though of a similar character.

5. **SAME—MITIGATION.**
   Only facts known to the defendant at the time of the publication, and which might have influenced him in making the statements, are available in mitigation of damages.

6. **SAME—AGGRAVATING DAMAGES.**
   The interposition in bad faith of defenses not proved to a libel may be considered in aggravation of damages.

7. **SAME—MALICE.**
   A plea that the publication was substantially true, not being sustained, is evidence of actual malice.

8. SAME—EVIDENCE.

Defendant, in action for libel for publishing statement that plaintiff had been indicted for forgery, having pleaded that plaintiff and his partner, B., had been previously indicted for a misdemeanor, and that on the day of publication B. was indicted for forgery, and having introduced the indictments in evidence, plaintiff may show that before the answer, though after the publication, the first indictment was dismissed, and that there was a verdict of not guilty on trial of the second; it, while in one view merely tending to disprove worthless 'acts which defendant had attempted to establish. in another view tending to discredit the good faith of the pleader, and therefore to aggravate damages.

9. DAMAGES—REVIEW.

The amount of damages or the denial by the trial court of motion for new trial on the ground of excessive damages cannot be reviewed by the circuit court of appeals.

In Error to the Circuit Court of the United States for the Southern District of New York.

Franklin Bartlett, for plaintiff in error.

Sumner B. Styles, for defendant in error.

Before WALLACE and LACOMBE, Circuit Judges.

WALLACE, Circuit Judge. This is a writ of error by the defendant in the court below to review a judgment entered upon the verdict of a jury for the plaintiff in an action of libel. The defendant was the proprietor of the Evening Sun newspaper, and in the issue of January 29, 1895, published of and concerning the plaintiff the following paragraph:

"The regular grand jury to-day handed up two additional indictments for forgery against Col. H. C. Beecher and Vincent R. Schenck, of the defunct American Casualty Insurance & Security Company."

The defendant, in its answer, admitted the publication of the paragraph, and pleaded several defenses in mitigation of "any damages to which the plaintiff might otherwise appear to be entitled." Among these defenses the answer alleged that the paragraph was substantially true, and that the plaintiff, having formerly been a member of the firm of Beecher, Schenck & Co., composed, besides himself, of Henry B. Beecher, John W. Taylor, and William E. Midgley, which firm was the agent and business manager of the American Casualty Insurance & Security Company, was, in the month of January, 1895, prior to the publication of the article complained of, indicted with Beecher, Taylor, and Midgley, by the grand jury of the city and county of New York, for a misdemeanor; and that the misdemeanor for which the plaintiff was so indicted consisted in having knowingly concurred in making and publishing a written report and statement of the affairs and pecuniary condition of the said company containing divers material statements which were then and there wholly false and untrue, as he well knew. Another defense so pleaded was that, being a member of said firm of Beecher, Schenck & Co., Beecher, with the knowledge and complicity of the plaintiff, did feloniously falsify certain entries or applications made in the application book of said Casualty Insurance & Security Company, which the plaintiff knew to be false and untrue; and two certain indictments were found

on the 29th day of January, 1895, against the said Beecher for forgery in the third degree therefor by the grand jury of the city and county of New York. Another defense so pleaded was that prior to the publication of the paragraph complained of the defendant had published various articles in the Evening Sun concerning the plaintiff in reference to his connection with the said American Casualty Insurance & Security Company, to wit, in the issue of January 24, 1895, two separate paragraphs, entitled, respectively, "Beecher Surrenders" and "Four Under Indictment," and in the issues of January 24 and 25, 1895, paragraphs entitled "Rumored Indictments" and "Four Indicted Financiers"; and after the publication of such former articles the plaintiff had no reputation, character, or standing in the community which could have been damaged by the publication of the article complained of. Another defense so pleaded was that, prior to the publication of the libelous article, certain publications had been made in other newspapers, stating that the plaintiff had been indicted for misdemeanor in making a false report of the affairs of the American Casualty Insurance & Security Company, and that, after said publication, the plaintiff had no reputation or character which could have been damaged by the publication of the article complained of.

Several of the assignments of error impugn the rulings of the trial judge in respect to the sufficiency and effect of these defenses. Upon the motion of the plaintiff, he struck out the last defense. In his instructions to the jury he charged them that, if they found that defenses set up in the answer had not been proved, and were set up in bad faith, that circumstance could be considered in aggravation of damages; and he declined to charge the contrary, as requested by the defendant. He also instructed them that the answer of the defendant might be considered by them upon the question of exemplary damages as tending to show actual malice in the publication of the paragraph.

A defendant in an action of libel is responsible in damages for his own wrong, and not for the wrongful acts of others, who have published similar libels of the plaintiff; and the libels by the others neither add to nor detract from the wrong of the defendant. Consequently, it cannot be material whether these other wrongful acts have been committed previously or subsequently to that of the defendant, unless the proposition can be maintained that the reputation of the aggrieved party, having already been shattered by the previous libels, is less susceptible of further injury, and therefore that the evidence should be admitted as tending to reduce the damages. The answer to this proposition is that it is purely hypothetical, and is without any sanction in practical experience. No one can say which of many defamations has destroyed or materially impaired a reputation; or whether, but for the last, the earlier ones would have made any grave impression upon the opinion of the public. It would be idle to submit such an inquiry to a jury. Moreover, iteration, if long enough persisted in, will at last accomplish its result; and every repetition of a slander adds to its malign effect. "It is the successive repetitions that do the work. A falsehood often repeated gets to be believed."

Kenney v. McLaughlin, 5 Gray, 5. Proof of the bad character of the plaintiff, and, according to some of the authorities, proof of his bad reputation in respect to the matters which are charged in the libel, is competent. Such evidence is received because one whose character is bad is not entitled to the same measure of damages as one of unblemished fame. The principle, however, does not countenance the admission of previous rumors of his guilt of the offenses charged in the libel. Wright v. Schroeder, 2 Gall. 548, Fed. Cas. No. 18,091; Root v. King, 7 Cow. 613; Inman v. Foster, 8 Wend. 602; Peterson v. Morgan, 116 Mass. 350; Scott v. Sampson, 8 Q. B. Div. 491; Wolcott v. Hall, 6 Mass. 518. Evidence of previous publications by others of the libelous matters charged by the defendant is, upon principle, clearly inadmissible in reduction, or, standing alone, in mitigation, of damages; and it was so held in Tucker v. Lawson, 2 Times Law Rep. 593, and Gray v. Publishing Co., 89 N. Y. St. Rep 35, 55 N. Y. Supp. 35. It is inadmissible even when coupled with evidence that on such former occasions the plaintiff did not sue the publisher, or take any steps to contradict the charges made against him. Rex v. Holt, 5 Term R. 436; Ingram v. Lawson, 9 Car. & P. 333. The defense stricken out by the trial judge alleged only incompetent and irrelevant matters, and his ruling was correct.

None of the foregoing defenses set up in the answer of the defendant were defenses in mitigation of damages. It matters not that they were labeled as such by the pleader. None of them set up any matters having a tendency to show that the defendant had acted in good faith in publishing the paragraph, believing it to be true, or under an honest misapprehension, or inadvertently. The libel stated in terms that the plaintiff had been indicted on the day of the publication by the grand jury for forgery, and also by implication that a previous indictment had been found against him. The paragraph did not purport to charge that the plaintiff was guilty of the offense for which he had been indicted. The paragraph was libelous because it stated a fact tending to prejudice him in his good name and reputation, and to bring him into discredit. The finding of an indictment by a grand jury implies that sufficient evidence has been collected and adduced against the accused, in the absence of explanation, to make it proper and expedient that he should be placed on trial for the offense; in other words, that his guilt has been established prima facie to the satisfaction of the grand jury. But it does not necessarily imply that the accused is guilty. The imputation that a man has been indicted is a far less venomous attack upon his character than one which asserts his guilt, and, in legal contemplation, is less injurious. The defense alleging that at some previous time the grand jury had indicted the plaintiff, jointly with his co-partners, for a misdemeanor, was a justification pro tanto of the libel. If proved, the facts would have established that the statement by implication in the paragraph was not libelous, because it was true. If the defense alleging that the plaintiff and one of his partners had been guilty of forgery, and that his partner, on the day of publication of the libel, was indicted by the grand jury for forgery, had been supplemented by averments stating that the defendant was led by error to suppose the

indictment found against the plaintiff's partner was an indictment against the plaintiff himself, and had published the paragraph on that supposition, it would have set up proper matter of mitigation. The observations in respect to the defense stricken out by the trial judge are equally applicable to the defense alleging that the defendant had, previous to the publication of the libel, published other incriminating paragraphs concerning the plaintiff, by reason of which his reputation was valueless when the libel was published. If the facts set up in these defenses were true, they would not have had the remotest bearing upon the conduct of the defendant in publishing the libel complained of, as the averments were irrelevant to any issue which could properly be tried. The only office they could serve was to besmirch and befoul the reputation of the plaintiff.

It is not a defense to a libel or slander that the plaintiff has been guilty of offenses other than those imputed to him, or of offenses of a similar character; and such facts are not competent in mitigation of damages. The only tendency of such proof is to show, not that the plaintiff's reputation is bad, but that it ought to be bad. The strictness with which this rule is applied is shown in the ancient case of Smithies v. Harrison, 1 Ld. Raym. 727, and in the modern cases of Andrews v. Van Duzer, 11 Johns. 38, and Parkhurst v. Ketchum, 6 Allen, 406. It is also settled by law that only such facts are available in mitigation of damages as were known to the defendant at the time of the publication, and which might have influenced him in making the defamatory statements. Bush v. Prosser, 11 N. Y. 347; Hatfield v. Lasher, 81 N. Y. 246. Even a plea in mitigation, setting up competent defensive facts, if interposed in bad faith, may be considered by the jury in aggravation of damages, and is not protected by the Code of Civil Procedure of this state (section 535), according to the decision of the highest court of the state. Cruikshank v. Gordon, 118 N. Y. 178, 23 N. E. 457. Applying these considerations, as there was evidence upon the trial sufficient to authorize the jury to find that the defenses were not interposed in good faith, the trial judge was justified in instructing them that they might consider that circumstance in aggravation of damages.

By averring, as it did in one of the defenses of its answer, that the paragraph published was substantially true, the defendant assumed full responsibility for the libel. Such a plea, if untrue, and not maintained by the evidence, is an aggravation of the original charge, and "evinces continued and express malice." Hil. Torts, 445. The trial judge did not err in his instructions to the jury that this averment might be considered by them upon the question of actual malice. Kennedy v. Gifford, 19 Wend. 296; Williams v. Miner, 18 Conn. 464; Stearns v. Cox, 17 Ohio, 590; Baldwin v. Soule, 6 Gray, 321; Robbins v. Fletcher, 101 Mass. 115.

Another assignment of error is based upon the admission of evidence. The defendant having introduced in evidence the two indictments mentioned in its answer,—one for misdemeanor against the plaintiff and his partners, and the other for forgery against Beecher, —the plaintiff was allowed, against the objection of the defendant, to show by the indorsements of the first indictment that upon the mo-

tion of the district attorney it had been dismissed by the court having jurisdiction to try it, and to show by the record that there was a verdict of not guilty upon the trial of the second. These proceedings took place after the publication of the libel, but before the commencement of the action, and nearly three years before the interposition of the answer. If, in allowing the plaintiff to controvert the proof offered by the defendant to support issues which were extraneous to any legitimate controversy, the trial judge admitted incompetent evidence, the error was harmless, as the evidence merely tended to disprove worthless facts which the defendant had attempted to establish. In another view the evidence was relevant, and we think competent. The answer was interposed long after these judicial proceedings had taken place. They were a part of the history of the incriminating transactions which the defendant had set up in its answer as defensive matters. Common justice required the defendant to acquaint itself with the result of the criminal proceedings before interposing such matters in its answer. If it did not do so, or if it interposed the answer after it was informed, the circumstance tended to discredit the good faith of the pleading, and to weigh in aggravation of damages.

This court has no power to review the amount of damages when the proper rule of damages has been given to the jury, and we therefore cannot consider the assignment of error which alleges that the verdict was excessive.. It is proper, however, to observe that, if the defendant had contented itself with pleading and proving that it was led by the error of its reporter to suppose that the indictment found against Beecher included the plaintiff, and published the paragraph upon that supposition, the case would have been a comparatively trivial one. It was made a serious one by injecting into it issues which were wholly foreign to the real controversy, and which could serve no purpose but to disparage the character of the plaintiff. Although the verdict was a large one, the result was undoubtedly due, in part at least, to the character of the defense.

The denial of the defendant's motion for a new trial because of the excessiveness of damages is not subject to review here. Railroad Co. v. Winter's Adm'r, 143 U. S. 60, 12 Sup. Ct. 356, 36 L. Ed. 71; Laber v. Cooper, 7 Wall. 565, 19 L. Ed. 151; Railway Co. v. Heck, 102 U. S. 120, 26 L. Ed. 58.

The judgment is affirmed.