## KRAFT v. NEW YORK HERALD CO.

(District Court, S. D. New York. May 6, 1925.)

**1. Libel and slander ⬤�439 19—Words innocuous on their face may be libelous by reason of their setting and of extrinsic circumstances.**

Words quite innocuous on their face may, by reason of their setting and of extrinsic circumstances, be held by jury to be libelous.

**2. Libel and slander ⬤�439 19—Newspaper charge that plaintiff was involved in litigation as result of attempt to depose his father susceptible of libelous meaning.**

A newspaper charge that plaintiff had been involved in litigation as result of alleged attempt to depose his father as president of tanning firm which was founded by grandfather, although, if literally construed, not libelous, held reasonably susceptible of a libelous construction, in view of context and surrounding circumstances.

**3. Trial ☜311—Jury may rely on general information on matters of public knowledge.**

In passing upon questions involving matters of public knowledge and general information notorious in community, jury may rely upon general information acquired, and known to them as intelligent members of community.

**4. Trial ☜311—Jury entitled to consider circulation of New York newspaper in community without proof of circulation.**

In action for libel, jury's general knowledge of circulation of New York paper in Bronxville, in which plaintiff resided, was sufficient to authorize them to consider such circumstance in assessing damages, without affirmative proof of such circulation.

**5. Appeal and error ☜1059—Exclusion of evidence of truth not prejudicial, in view of charge that article was literally true.**

In action for libel, based on newspaper article charging plaintiff was involved in litigation as result of attempt to depose his father as president of corporation, exclusion of evidence tending to show plaintiff was party to litigation with that purpose *held* not prejudicial, where jury was specifically instructed that words of alleged libel were literally true, and there was no offer to show that plaintiff himself was moving party in such litigation.

**6. Affidavits ☜18—Affidavit in divorce proceeding inadmissible in libel action.**

In action for libel, affidavit of plaintiff's wife in divorce proceeding *held* inadmissible.

At Law. Action by William D. Kraft against New York Herald Company. Verdict for plaintiff. On motion of defendant to set aside verdict and for a new trial. Motion denied.

This is an action to recover damages for an alleged libelous publication by the defendant, in the newspaper known as the New York Evening Telegram, concerning the plaintiff. The trial of the action having resulted in a verdict of $3,000 in favor of the plaintiff, the defendant has now moved to set aside the verdict and for a new trial.

Archibald R. Watson, of New York City, for the motion.

Thomas H. Rothwell, of New York City, opposed.

THACHER, District Judge. [1, 2] A careful consideration of the rulings upon the trial of this action convinces me that the motion for a new trial must be denied. It is urged that the words, "William D. Kraft recently was involved in litigation as the result of an alleged attempt to depose his father, John Kraft, as president of the tanning firm of F. W. Kraft Sons Company, which was founded by the grandfather," which words are contained in the newspaper article complained of, are not susceptible of a derogatory meaning, and that it was error to leave this question to the jury's determination.

It is quite clear from the decisions that words quite innocuous on their face may, by reason of their setting and of extrinsic circumstances, be held by a jury to be libelous. The rule approved in Washington Post Co. v. Chaloner, 250 U. S. 290, at page 293, 39 S. Ct. 448 (63 L. Ed. 987), is stated as follows: "'A publication claimed to be defamatory must be read and construed in the sense in which the readers to whom it is addressed would ordinarily understand it. So the whole item, including display lines, should be read and construed together, and its meaning and signification thus determined. When thus read, if its meaning is so unambiguous as to reasonably bear but one interpretation, it is for the judge to say whether that signification is defamatory or not. If, upon the other hand, it is capable of two meanings, one of which would be libelous and actionable and the other not, it is for the jury to say, under all the circumstances surrounding its publication, including extraneous facts admissible in evidence, which of the two meanings would be attributed to it by those to whom it is addressed or by whom it may be read.' See Peck v. Tribune Co., 214 U. S. 185, 190 [29 S. Ct. 554, 53 L. Ed. 960, 16 Ann. Cas. 1075]."

The same court, in Baker v. Warner, 231 U. S. 588, at page 594, 34 S. Ct. 175, 177 (58 L. Ed. 384), stated the rule as follows: "Where words are libelous per se, the judge can so instruct the jury, leaving to them only the determination of the amount of damages. Where the words are not libelous per se and, in the light of the extrinsic facts averred could not possibly be construed to have a defamatory meaning, the judge can dismiss the declaration on demurrer, or, during the trial, may withdraw the case from the jury. But there is a middle ground where though the words are not libelous per se, yet, in the light of the extrinsic facts averred, they are susceptible of being construed as having a defamatory meaning. Whether they have such import is a question of fact."

The jury in this case was instructed in the language approved by the Supreme Court in Washington Post Co. v. Chaloner, supra, and was told that, literally construed, the words were not libelous. I am satisfied that, in view of the context and the surrounding circumstances, the words were reasonably

susceptible of two meanings, one of which would be libelous and actionable and the other not, and that consequently, under the authorities referred to, their construction was necessarily for the jury.

[3, 4] It is also urged in behalf of the defendant that the court erred in refusing the defendant's request to charge that the absence of proof that the publication was published and circulated in the community in which the plaintiff resides must be taken into consideration by the jury upon the question of damages. In passing upon questions involving matters of public knowledge and general information notorious in the community, the jury, in reaching their conclusions, may rely upon general information acquired and known to them as intelligent members of the community. Schaeffer v. United States, 251 U. S. 466, 473, 474, 40 S. Ct. 259, 64 L. Ed. 360; Stilson v. United States, 250 U. S. 583, 40 S. Ct. 28, 63 L. Ed. 1154; Wigmore on Evidence (2d Ed.) § 2570 et seq. This rule is particularly applicable to the assessment of damages. Schmidt v. New York U. M. F. I. Co., 67 Mass. (1 Gray) 529. Circulation of the New York Evening Telegram at Bronxville, the place of the plaintiff's residence, is a fact so notorious that evidence of it was quite superfluous, except possibly for the purpose of enhancing the plaintiff's damages, and it is quite apparent that the jury was sufficiently well informed on this fact for the purpose of assessing the damages. It cannot be that the jury was required to put out of their minds facts notorious to men of ordinary intelligence, and therefore necessarily known to them, including the fact that Bronxville is a community adjacent to New York City, the population of which is largely composed of commuters, whose lives during the business hours of the day are spent in New York City, and the fact that in all such communities the metropolitan press is widely circulated and read. Under these circumstances the requested instruction that the jury must consider "the total absence of proof" of circulation in the community in which the plaintiff resided was properly denied. The extent of the circulation in Bronxville was merely one of the circumstances to be considered by the jury in assessing damages. The jury's general knowledge, without affirmative proof, was sufficient for this purpose, as is clearly indicated in a decision of the Court of Appeal in England, in a case quite analogous to the case at bar. Whittaker v. Scarborough Post Newspaper, [1896] 2 Q. B. 148.

[5] There was no prejudicial error in excluding any evidence tending to show that the plaintiff was a party to a litigation, the purpose of which was to depose his father as an officer of the corporation in question, since the jury was specifically instructed that these words were literally true, and there was no evidence offered to show that the plaintiff himself was a moving party in any such litigation, or in any way participated in any attempt to depose his father.

[6] The only other matter complained of is the exclusion of Mrs. Kraft's affidavit in a divorce proceeding. This was clearly inadmissible. Morey v. Morning Journal Association, 123 N. Y. 207, 25 N. E. 161, 9 L. R. A. 621, 20 Am. St. Rep. 730; Post Publishing Co. v. Butler, 137 F. 723, 726, 71 C. C. A. 309; Palmer v. Mahin, 120 F. 737, 747, 57 C. C. A. 41; Sun Printing & Publishing Co. v. Schenck, 98 F. 925, 929, 40 C. C. A. 163.

The defendant's motion to set aside the verdict and for a new trial is denied.