**OLAN MILLS, Inc., OF TENN.**

v.

**ENTERPRISE PUB. CO. et al.**

**No. 14616.**

United States Court of Appeals
Fifth Circuit.

Feb. 23, 1954.

Rehearing Denied March 29, 1954.

Bascom D. Talley, Jr., James D. Johnson, Jr., Talley & Anthony, Bogalusa, La., Joe Van Derveer, Chattanooga, Tenn., for Olan Mills, Inc. of Tenn.

Ashton Phelps, New Orleans, La., Henry N. Richardson, Bogalusa, La., Woodrow W. Erwin, Franklinton, La., A. J. Jones, Bogalusa, La., John G. Weinmann, New Orleans, La., for appellees.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

This is an action by the appellant, a Tennessee corporation, against

the appellees, all of whom are citizens of Louisiana. The suit is of a civil nature, wholly between citizens of different states, and the matter in controversy exceeds in value the sum of three thousand dollars exclusive of interest and costs. Federal jurisdiction of the case depends solely upon diversity of citizenship and the requisite jurisdictional amount. A motion to dismiss for want of federal jurisdiction was filed by the defendants, but this motion was impliedly overruled by the action of the court below in dismissing the complaint for failure to state a claim upon which relief could be granted.

Olan Mills, Inc., of Tennessee, a foreign corporation engaged in the photography business, was doing business in Louisiana, and was planning to canvass the Bogalusa trade area. The local photographers, of which there were three in number, objected to the entry of Olan Mills into this area. In the interest of harmony, a meeting was held in the office of the Mayor of Bogalusa on Thursday, June 5, 1952. At this meeting, the alleged defamatory remarks were orally made by the two individual defendants. The next morning, the defendant Enterprise Publishing Company printed and published said defamatory utterances. In its complaint, the appellant set forth the facts constituting said libel and slander, its business reputation, and the deliberate intention of the appellees to injure plaintiff. It failed to allege malice.

Defendants White and Mornhinveg filed motions to dismiss the complaint for lack of jurisdiction, misjoinder of parties, and failure to state a claim upon which relief could be granted. The Enterprise Publishing Company raised the same objections, and, in addition, urged that its communications were privileged. After consideration of the matter upon briefs and oral argument, the court dismissed the complaint for failure to state a claim upon which relief could be granted.

■■ We think that the court committed no error in not sustaining the motion to dismiss for lack of federal jurisdiction. With respect to the requisite jurisdictional amount, the allegation of the complaint is that the matter in controversy exceeds the sum of three thousand dollars exclusive of interest and costs, and this is sufficient unless it appears elsewhere in the complaint or by proof *aliunde* that less than that amount is involved. We find nothing in the complaint, or elsewhere in the record, to indicate a lack of good faith on the part of the plaintiff in seeking to recover damages in excess of three thousand dollars; and, so far as the amount in controversy is concerned, the determination of the right to invoke federal jurisdiction lies in the good faith of the plaintiff. Bell v. Preferred Life Society, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15; Turmine v. West Jersey & Seashore R. R., D.C., 44 F.2d 614; Associated Press v. Emmett, D.C., 45 F.Supp. 907; 1 Barron and Holtzoff, Federal Practice and Procedure, pp. 47, 426; Dobie on Federal Procedure, Sec. 56, p. 133. In St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845, the court said: "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."

■ Neither do we think that the court erred in not dismissing the action on the ground of a misjoinder of parties. Under Rule 21 of the Federal Rules of Civil Procedure, 28 U.S.C.A., misjoinder of parties is not a ground for dismissal of an action, but parties may be dropped or added by order of the court on motion of any party or on its own initiative at any stage of the action, and on such terms as may be just. Under Rule 20 of said rules of civil procedure, all persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction or series of transactions or occurrences, and if any question of law or fact common to all of them will arise in the action.

Turning to the merits, as to the appellee White, the complaint shows, among other things, that his defamatory statements were directed at the appellant, and that any person hearing them would in reason so construe them. The motion to dismiss admits all the well-pleaded allegations of the complaint. It therefore admits that White (one of the defendants) asserted that you cannot deal in a business manner with a concern of this kind; it admits he said that to attempt to deal with such an organization is like the United Nations trying to deal with the Communists in the truce talks. "You attempt to deal," he added, "it's whole hog or nothing with them. This concern is a parasite. They are not a part of anything." Such allegations tendered an issue for the jury, but the appellee White did not join issue on them; by his motion to dismiss, he admitted them. Sweeney v. Schenectady Union Pub. Co., 2 Cir., 122 F.2d 288, affirmed, 316 U.S. 642, 62 S.Ct. 1031, 86 L.Ed. 1727, rehearing denied, 316 U.S. 710, 72 S.Ct. 1266, 86 L.Ed. 1776; Naihaus v. Louisiana Weekly Pub. Co., 176 La. 240, 145 So. 527; 5 Barron & Holtzoff, Federal Practice and Procedure 191; 53 C.J.S., Libel and Slander, § 11, p. 52; 33 Am.Jur., p. 181, Sec. 192.

As to the defendant Mornhinveg, however, the case is different; the allegations attributed to her simply referred to travelling photographers as a class, and the second part of it was not slanderous *per se* so far as the appellant was concerned. No innuendo was averred with reference to her remarks, and, as has been stated, no malice was alleged. The complaint did not show that, as against Mrs. Mornhinveg, the plaintiff was entitled to relief. Rule 8(a) (2) Federal Rules of Civil Procedure. Therefore, the judgment of dismissal should be affirmed as to her.

As to the Enterprise Publishing Company, its claim of privilege cannot be availed of by a motion to dismiss; it must be pleaded by answer, since pleas are abolished under the federal rules of civil procedure. There may be an issue for the jury on this subject together with other issues. If the company had a qualified privilege, it may have gone beyond the scope of such defense. Such matters belong to a trial on the merits before the court and a jury, not to a motion to dismiss which admits so much. Kraft v. New York Herald, D.C., 6 F.2d 644; Spanel v. Pegler, 7 Cir., 160 F.2d 619, 171 A.L.R. 699; Riley v. Dun & Bradstreet, 6 Cir., 172 F.2d 303; De Husson v. Hearst Corp., 7 Cir., 204 F.2d 234; Garcia v. Hilton Hotels International, D.C., 97 F.Supp. 5, 8; Rosenberg v. J. C. Penney Co., 30 Cal.App.2d 609, 86 P.2d 696.

The judgment appealed from is reversed, except as above stated, and the cause is remanded to the district court for further proceedings not inconsistent with this opinion. The costs on this appeal should be assessed equally but not jointly (one-half to each) against appellees White and Enterprise Publishing Company.

Affirmed in part and reversed in part.