FAJARDO, PLAINTIFF AND APPELLANT, *v.* SABATER, DEFENDANT AND RESPONDENT.

APPEAL from the District Court of Mayagüez in an action for damages for libel.

No. 1030.—Decided January 20, 1914.

LIBEL—CAUSE OF ACTION—INNUENDO.—In a complaint to recover damages for libel it must be shown by an *innuendo* why the plaintiff considers the words to be libelous and how they particularly affect him. In the absence of such allegations in the complaint, it does not state facts sufficient to constitute a cause of action.

ID.—CAUSE OF ACTION—INNUENDO.—The statement in a letter dismissing a municipal employe that said employe has brought a suit against the person dismissing him based on false facts, is not a libel in the sense in which the said words are ordinarily used, especially when in the suit for libel no allegation is made in the complaint tending to explain the false facts referred to in the letter.

The facts are stated in the opinion.
*Mr. E. Ramírez Nadal* for appellant.
*Mr. José Sabater* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This was an action for libel. The words complained of were set forth in a letter written by the acting mayor of Mayagüez discharging the complainant from the position as attorney of the municipality. The letter is as follows:

"Municipal Government, Mayagüez, P. R. Office of the Mayor, June 27, 1913. Mr. Pascasio Fajardo, Attorney of the Municipality of Mayagüez, P. R. Sir: Finding that the action taken by yourself as employe of the municipality—that is, as municipal employe, entering a suit against me based on false facts (*sobre hechos falsos*)—establish an improper, lamentable and incorrect precedent for the discipline of the municipal government. Taking your action as a just cause for this decision and making use of the power given by section 32 of the Municipal Law, by these presents and from this moment you are removed from the position of attorney of the municipality which you have been filling. (Signed) Carlos Sabater, Municipal Mayor."

The complaint sets up that complainant began an action to recover a sum of money from the defendant obtained by the latter from the former by deceit but abandoned the suit because the money was paid him and that the defendant wrote the letter as a matter of personal vengeance.

The fifth paragraph of the complaint charges that the words "finding that the action taken by yourself as a municipal employe, entering a suit against me on false facts" are libelous and defamatory, and that the letter lost its privileged character by reason of its having been shown maliciously and voluntarily by the defendant to third persons and other municipal officials in order that these persons might have knowledge of such libelous words.

The sixth paragraph charges, in effect, that the letter was written to discredit the complainant as attorney and notary.

The complainant also charges that the use of the words "that the action begun by complainant would establish an

improper, lamentable and incorrect precedent" forms a libelous concept.

Other parts of the complaint relate to the publication and the claiming of damages. There was a demurrer to the complaint, which was sustained by the court and judgment rendered thereon.

The phrases and words in the complaint supposed to be libelous are not explained by a proper *innuendo* as good pleading would require (*Baker* v. *Warner,* 231 U. S., 588), that is, no statement appears in the complaint as to the libelous meaning which the plaintiff attaches to said phrases and words nor is it explained how they came to have that meaning and how they affect the plaintiff. *Maulty* v. *Bulletin Co.,* 55 Atl., 862, 864. 4 Words and Phrases Judicially Defined, 3630. There is no allegation that the words uttered by the defendant were false, nor is there any other similar specific charge. In other words, the nature of the alleged libel is nowhere particularly set forth. The complaint is wholly bad on this account. See in this connection *Capó* v. *Capó,* 17 P. R. R., 242; *Baker* v. *Warner, supra.*

There is no special damage alleged and with the exception of the sixth paragraph charging injury to the complainant as attorney and notary, there is no charge of a libelous action *per se.* As for the sixth paragraph, the simple answer is that the letter did not hurt the complainant as attorney and notary, and was not specially calculated to do so.

Aside from what may be considered, perhaps, the more technical aspect of the case, and giving the words used an ordinary intendment, no libel is shown. To say that a man has brought an action based on false facts is perfectly consistent with an honest intention on the part of such complainant. A man may have brought the action mistakenly. The defendant did not say anything against the reputation of the complainant, but resented the suit of the complainant based on facts which defendant maintained were false. Honest men may differ as to whether a statement is false or not, and.

the statement that certain words are false would not necessarily constitute a libel, and they certainly do not in this case especially as we have no idea of the words of the original complaint brought by Pascasio Fajardo against Carlos Sabater for the recovery of money.

As to the words "an improper, lamentable and incorrect precedent," they are at most a strong characterization of the complainant's action, but they do not charge a libel.

The respondent also urges that the communication was privileged, but as the appellant in his complaint charges a special and further publication, we base our decision solely on the lack of libelous matter.

The judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.