## CALDWELL *v.* HAYDEN.

---

LIBEL AND SLANDER; PRIVILEGE; INNUENDO; PROVINCE OF COURT.

1. In an action of libel, actionability, upon the theory that the crime of forgery is charged, cannot be predicated upon a statement that a certain person framed up a contract which is contrary to the rules of a local union of which he is a member, and has the audacity to try to palm it off on the members thereof as a bona fide contract, since the language does not import that the plaintiff was not authorized to enter into the contract subject to the approval of the local union, or that it was not properly executed by the person named as the other party to it.

2. Mere criticism, and not an imputation of criminality or moral turpitude to a plaintiff in an action for defamation, is contained in the state-

ment that he framed up a contract which is contrary to the rules of a local union of which he is a member, and that he has the audacity to try to palm it off on the members as a bona fide contract, the reference to bona fides, when read in connection with the context, meaning that the contract is contrary to the rules of the union.

3. The rule of qualified privilege attaches to the reasonable criticism of one member of a local union by another at a meeting of the members, with respect to acts claimed to be in violation of the rules of the union, a matter in which all members are interested, it being presumed, in the absence of a contrary showing, that the criticism was made without malice and for the good of the order.

4. It is for the trial court to determine whether alleged defamatory words reasonably admit of the meaning ascribed to them in the innuendo, and to prevent further proceedings if satisfied that they are not actionable without such meaning.

No. 2625. Submitted March 4, 1914. Decided April 6, 1914.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia sustaining a demurrer to the declaration in an action of libel, and, the plaintiff electing not to amend, dismissing the action. *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appellant, Joseph B. Caldwell, filed a declaration in the supreme court of the District of Columbia charging defendant, Albert C. Hayden, while presiding as president of Local No. 161 of the American Federation of Musicians at a regular meeting of the union, with uttering the following alleged defamatory language against plaintiff: "Brother Caldwell sits in his parlor in the quiet solitude and sanctity of his home, and frames up a contract which is altogether contrary to the rules of this organization, and has the audacity to bring it here and try to palm it off on the members of this local as a bona fide contract." It is alleged that defendant thereby meant and intended "to charge, in the presence and in the hearing of the members of said local, that the plaintiff put up a bogus contract on the members of said Local No. 161, and falsely and wilfully forged a contract with

the Washington & Old Dominion Railway Company of January 29, 1913, and had presented the same for the approval of said local, and to the injury of its members." Defendant demurred to the petition. The demurrer was sustained, and, plaintiff refusing further to plead, judgment was entered, from which this appeal was taken.

*Mr. Charles C. Lancaster,* for the appellant.

1. Oral slander may be divided into three classes:

(1) Words falsely spoken of a person which impute to the party the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished.

(2) Defamatory words falsely spoken of a party which prejudice such party in his or her profession or trade.

(3) Defamatory words falsely spoken of a person, which, though not in themselves actionable, occasion the party special damage. *Pollard* v. *Lyon,* 91 U. S. 225.

2. Under the first class, the words set forth in the declaration are actionable *per se,* for to commit forgery in the District of Columbia is a crime for which the party may be indicted and punished. *Brooker* v. *Coffin,* 5 Johns. 190; *Pollard* v. *Lyon,* 91 U. S. 225; *Strobel* v. *Whitney,* 31 Minn. 384; *Stumer* v. *Pitchman,* 124 Ill. 250; *Nichols* v. *Hays,* 13 Conn. 155; *Andrews* v. *Woodmansee,* 15 Wend. 232; *Barnes* v. *Crawford,* 115 N. C. 76; *Morgan* v. *Livingston,* 2 Rich. (S. C.), 573; *Niderer* v. *Hall,* 67 Cal. 79; Cooley, Torts, 1st ed. 196; *Smith* v. *Smith,* 2 Sneed (Tenn.) 473; *Freeman* v. *Sanderson,* 123 Ind. 264; *Elmer* v. *Fessenden,* 151 Mass. 359; *Wimer* v. *Allbaugh,* 78 Iowa, 79; *Hays* v. *Mitchell,* 7 Blackf. 117; *Drummond* v. *Leslie,* 5 Blackf. 453; *Webster* v. *Sharpe,* 116 N. C. 466; *Herzog* v. *Campbell,* 47 Neb. 370; *St. Martin* v. *Desnoyer,* 1 Minn. 156; *Garrett* v. *Dickerson,* 19 Md. 418; *De Moss* v. *Haycock,* 15 Iowa, 149; *Davis* v. *Johnston,* 2 Bailey (S. C.) 592; *Phillip* v. *Barber,* 7 Wend. 439; Newell on S. & L. 302.

*Mr. Jackson H. Ralston* and *Mr. William E. Richardson,* for the appellee:

1. It is in the province of the court to determine whether the words relied upon as the basis of an action for slander or libel are susceptible of the construction claimed for them by the plaintiff. The demurrer does not admit the meaning attributed by the innuendo to the defamatory words. 4 Enc. Pl. & Pr. 92; *Wellman* v. *Sun Printing, etc., Asso.* 66 Hun, 331; 4 Enc. Pl. & Pr. 55; Odgers, Libel & Slander (original page 95).

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It does not appear in the language used by defendant that plaintiff was not authorized to enter into the alleged contract, subject to the approval of the union, or that the contract was not properly executed on the part of the railway company. It therefore fails to impute to plaintiff the commission of the crime of forgery.

The language attributed to defendant amounted to nothing more than a mere criticism of plaintiff's action in connection with securing the contract. There is nothing from which the commission of a crime or moral turpitude can be inferred. The statement to the effect that it was not a bona fide contract must be interpreted in connection with the context as meaning that it was contrary to the rules and regulations of the union. The words were uttered at a meeting of the union in relation to a matter in which all the members were equally interested, and under circumstances where wide latitude will be tolerated in discussion. So far as appears, the contract may have been procured in accordance with instructions, and may have been satisfactory to every member of the union excepting defendant. Defendant may have been mistaken in his criticism that the contract was contrary to the rules and regulations of the union, but as a member he was entitled to express his opinion. So long as he acted within the limits of reasonable criticism, though he may have been mistaken, he was within his rights. Plaintiff,

by virtue of his membership in the union, and assuming to serve it, was subject to reasonable criticism in respect of the work performed for the union, and the presumption is that the statement was made under these circumstances without malice and for the good of the order, unless the contrary can be inferred reasonably from the language itself.

It was within the power of the trial judge to determine as a preliminary question, whether defendant's words would reasonably admit of the meaning ascribed to them in the innuendo, and, if satisfied that the words without that meaning are not actionable, it was his duty to prevent further proceedings. Odgers, Libel & Slander, p. 95. "It is for the court to decide whether a publication is capable of the meaning ascribed to it by an innuendo, and for the jury to decide whether such meaning is truly ascribed." 13 Enc. Pl. & Pr. 55. We are of opinion that the language is not capable of the meaning ascribed to it by plaintiff in his declaration, and is not therefore actionable.

The judgment is affirmed, with costs. *Affirmed.*