## WASHINGTON TIMES CO. v. HINES.

(Court of Appeals of District of Columbia.
Submitted March 3, 1925. Decided
May 4, 1925.)

No. 4157.

**1. Libel and slander ☞19—Publication construed in its entirety.**

Meaning of alleged libelous publication is to be determined by a reading of it in its entirety.

**2. Libel and slander ☞19—Divorce bill construed as whole, in ascertaining whether newspaper report thereof is libelous.**

Meaning of divorce bill must be determined by reading and considering the bill as a whole, in ascertaining whether newspaper report thereof is libelous.

**3. Libel and slander ☞50½—Newspaper report of divorce bill held not libelous.**

Newspaper report of wife's bill for divorce, stating that she had been "slugged with a salt shaker, struck in the face, eye blackened, and eyeglasses broken, ad lib.," *held* as a matter of law not libelous, since bill was not susceptible of any other interpretation than that given it by newspaper, notwithstanding use by newspaper of word "slugged," instead of "assaulted," and statement that assaults had occurred "ad lib."

Appeal from the Supreme Court of District of Columbia.

Action by Alvin Paul Hines against the Washington Times Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

W. J. Lambert, of Washington, D. C., for appellant.

A. P. Hines, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal by the defendant from a verdict and judgment for the plaintiff in the Supreme Court of the District in an action for libel. Plaintiff's wife had filed a bill for divorce in the court below, in which the following averments were made:

"III. That the defendant in August, 1917, brutally assaulted this plaintiff, striking her in the face, blacking her eye, and breaking her glasses; that at another time, in August, 1917, defendant again brutally assaulted this plaintiff, throwing a butter dish at her; that in the fall of 1920 the defendant again assaulted this plaintiff with a salt shaker.

"IV. That this defendant has frequently assaulted and abused the plaintiff, deserting and abandoning her for long periods of time, and then returning and asking to be forgiven and to be taken back into the home."

"VII. That the defendant has willfully deserted and abandoned your petitioner, refusing to resume matrimonial relations with her, although living in the same house and under the same roof; that he would repeatedly go out and spend the greater part of the night in the company of other women and at various summer resorts, beaches, restaurants, and theaters."

Thereafter the defendant newspaper published the following article, which forms the basis of this action for libel:

"Salt Shaker Broke Wedded Harmony,
Wife Declares.

"Slugged with a Salt Shaker, Struck in the Face, Eyes Blackened, and Eyeglasses Broken, ad lib.

"All of these little things are alleged to have completely spoiled the connubial harmony of Mr. and Mrs. Alvin Paul Hines, according to a petition for divorce filed yesterday in the District Supreme Court by Mrs. Hines.

"The wife declares her husband frequently goes out and spends the greater part of the night in the company of other women. Mr. and Mrs. Hines were married in 1900. They have two children."

At the trial the plaintiff expressly waived any claim for punitive damages; that is, he conceded the absence of express malice. The defendant, both at the close of plaintiff's evidence and at the close of all the evidence, moved for a directed verdict upon the ground that the publication, taken as a whole, was a fair and substantially correct reproduction of the bill in equity filed by the wife, and therefore privileged. But the court, over the objection and exception of the defendant, submitted to the jury the question whether the words "Slugged with a Salt Shaker" and "Struck in the Face, Eyes Blackened, and Eyeglasses Broken, ad lib.," were justified.

As to the words "Slugged with a Salt Shaker," the court suggested that in the bill filed in the divorce case "the only allegation in it in connection with the salt cellar is that there was an assault but not an assault and battery." As to the second statement, the court left it to the jury to say "whether or not the allegations in that bill [divorce case] are fairly summarized in one respect by saying the thing was done at pleasure; this sort of thing was done at pleasure."

In Washington Post Co. v. Chaloner, 250

U. S. 290, 293, 39 S. Ct. 448, 63 L. Ed. 987, the following rule stated by Judge Lurton, later a Justice of the Supreme Court of the United States, in Commercial Publishing Co. v. Smith, 149 F. 704, 706, 707, 79 C. C. A. 410, 412, 413, was approved: "A publication claimed to be defamatory must be read and construed in the sense in which the readers to whom it is addressed would ordinarily understand it. So the whole item, including display lines, should be read and construed together, and its meaning and signification thus determined. When thus read, if its meaning is so unambiguous as to reasonably bear but one interpretation, it is for the judge to say whether that signification is defamatory or not. If, upon the other hand, it is capable of two meanings, one of which would be libelous and actionable, and the other not, it is for the jury to say, under all the circumstances surrounding its publication, including extraneous facts admissible in evidence, which of the two meanings would be attributed to it by those to whom it is addressed, or by whom it may be read."

In 17 Ruling Case Law, 312, the rule is thus stated: "The ordinary signification in popular parlance of the statement made is the vital question in each case, or, in other words, it is a question of the natural and obvious meaning of the words used." See, also, Peck v. Tribune Co., 214 U. S. 185, 29 S. Ct. 554, 53 L. Ed. 960, 16 Ann. Cas. 1075, Baker v. Warner, 231 U. S. 588, 34 S. Ct. 175, 58 L. Ed. 384, Washington Post Co. v. Kennedy (C. C. A.) 3 F.(2d) 207 (No. 4142, present term), and Ashford v. Evening Star Newspaper Co., 41 App. D. C. 395.

[1, 2] Just as the meaning of the publication in the present case is to be determined by a reading of it in its entirety (Bathrick v. Detroit Post & Tribune Co., 50 Mich. 629, 641, 16 N. W. 172, 45 Am. Rep. 63), so must the meaning of the bill in the divorce case, the contents of which it purported to state, be determined by a reading and consideration of that bill as a whole. Applying these principles, we now will analyse the averments of the bill for divorce.

The third paragraph, it will be noted, is expressed in a single sentence, the first averment of which is that the husband, the plaintiff in this action, "brutally assaulted this plaintiff [the wife], striking her in the face, blacking her eye, and breaking her glasses." Clearly, "assaulted," as used in this clause, can mean nothing less than a battery, and

must be so understood by any reader. The manner of the assault consisted of "striking her [the wife] in the face, blacking her eye, and breaking her glasses." The second clause states that the husband, at another time, "again brutally assaulted this plaintiff, throwing a butter dish at her." Obviously "assaulted" was here used in the same sense as in the first clause. In the third clause it is averred that the husband, at another time, "again assaulted this plaintiff with a salt shaker." It is quite obvious that the same signification was intended to be given the word "assaulted" in this clause that it bore in the two other clauses, for that word not only appears in the same sentence, but is preceded by the word "again."

In the fourth paragraph of the bill in the divorce action it is averred that the husband "has frequently assaulted and abused the plaintiff," or wife. There is nothing to indicate that the word "assaulted" was here used in any other sense than in the preceding paragraph, and we think it apparent that such would be the popular understanding.

[3] Turning now to the publication, is it reasonably susceptible of any other interpretation than that we have given the averments of the bill for divorce? We do not think so. Some stress is placed upon the use in the publication of the word "slugged," instead of "assaulted." But the word "assaulted," having been used as including a battery, was synonymous with "slugged." Certainly any distinction would be too fine and metaphysical to be appreciated by the average reader. And as to the statement in the publication to the effect that the assaults had occurred "ad lib.," or at pleasure, this was in substantial accord with the fourth paragraph of the bill in the divorce action, wherein it was averred that the husband had "frequently assaulted and abused" his wife.

Considering this publication as a whole, and comparing it with the averments of the bill in the divorce action, we are of the view that the meaning it would convey to the average reader is so unambiguous as reasonably to bear but one interpretation. The question, therefore, was one for the court alone. In other words the motion for a directed verdict should have been granted. Accordingly, the judgment is reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.