## DE WITT v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. June 15, 1925.)

No. 2334.

1. **Criminal law** ⬅️1086(14)—**Motions for new trial and in arrest of judgment held to present nothing for review, where no exceptions in the record.**

Motions for new trials and in arrest of judgment in liquor prosecution presented nothing for review, where record contained no exceptions.

2. **Indictment and information** ⬅️110(31)—**Information for violation of prohibition law in language of statute held to charge an offense.**

Informations in language of statute *held* sufficient to charge offenses under National Prohibition Act, tit. 2, § 32 (Comp. St. Ann. Supp. 1923, § 10138½s).

3. **Criminal law** ⬅️994(3)—**Entry of judgments at subsequent term was authorized, where motions for new trials were interposed when verdicts were rendered.**

In liquor prosecution, court was authorized to enter judgments at term subsequent to rendition of verdict, where motions for new trials were interposed when verdicts were rendered, which were not acted on until such subsequent term, when further motions for new trials were made.

4. **Criminal law** ⬅️994(3)—**Motion for new trial keeps case open for entry of judgment; right to postpone case for entry of judgment until next term exists independent of motion for new trial.**

Motion for new trial of itself keeps case open for entry of judgment after same is acted on until an ensuing term of court, and right to postpone case for entry of judgment until next term of court exists independent of such motion for a new trial.

---

In Error to the District Court of the United States for the District of Maryland, at Baltimore; Morris A. Soper, Judge.

Charles De Witt was convicted of unlawfully possessing property for the manufacture of liquor, and of unlawfully possessing for sale certain substances for use in manufacture of intoxicating liquors, and he brings error. Affirmed.

Harold J. Drescher, of Brooklyn, N. Y. (Alexander S. Drescher, of Brooklyn, N. Y., on the brief), for plaintiff in error.

James T. Carter, Asst. U. S. Atty., of Baltimore, Md. (A. W. W. Woodcock, U. S. Atty., of Baltimore, Md., on the brief), for the United States.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WADDILL, Circuit Judge. Plaintiff in error was proceeded against by two criminal informations filed on the 16th day of July, 1924, the first charging that he unlawfully had in his possession certain property therein set forth and described, designed for the manufacture of liquor, and intended for use in violation of the provisions of title 2 of the Act of October 28, 1919, known as the National Prohibition Act (Comp. St. Ann. Supp. 1923, §§ 10138½–10138½z) and the second charging that he unlawfully possessed for sale certain preparations, compounds, and substances designed and intended for use in the manufacture of intoxicating liquors, set forth and described in the information, in violation of the statute of the United States in such case made and provided.

On the 25th of July, 1924, the defendant appeared and pleaded not guilty to the two informations. The cases were heard together, and verdicts of guilty returned on both informations on the 28th of July, 1924. Motions for new trials were interposed, which were not disposed of at that term of the court. On the 17th of October, 1924, additional motions for new trials were interposed, and on the same date overruled. On the same day, the court also overruled motions made in arrest of judgment, and judgments were thereupon entered, requiring the defendant to pay a fine of $500 and costs in the first-named information, and a fine of $10 and costs in the second information. Defendant was duly admitted to bail in the sum of $1,000 in anticipation of his appeal to this court.

Sundry grounds of motions for new trials were given, especially on the 17th of October, as were also grounds of motions in arrest of judgment, all of which were overruled, and the judgments aforesaid entered. Assignments of error were made to the action and judgments of the court complained of, relating briefly to the insufficiency of the informations; to the action of the court in excluding testimony, especially in connection with an alleged illegal search; because of the failure of the court to set aside the verdicts as contrary to law and the evidence; for not dismissing the informations; for failure to grant new trials and entering judgments on the verdicts; and also for the failure to grant defendant's motions in arrest of judgment, because of lack of jurisdiction of the court to enter the same at the time it did.

[1] These cases are quite unique, in that, although the several motions above mentioned are fully set forth in the record, which involve as well the insufficiency of the informations as, in effect, the legality of everything that was done, still, there is not a sign of exception in the record to enable the court to judge of the propriety of the rulings, and the circumstances under which the same were made, further than as contained in the mere recital of the occurrences excepted to; nor was any demurrer or motion made to quash the informations. The record, therefore, presents nothing that the court need or can intelligently act upon (McGrath v. United States [C. C. A. 2d Cir.] 275 F. 294, 296), certainly unless the informations should be deemed so defective as to charge no offenses, and that the court at the time of entering the judgment was wholly without jurisdiction to conclude the cases by entering judgments therein.

[2] These two positions are, in our judgment, wholly without merit. The informations are in the language of the act of Congress, and sufficiently and amply set forth and describe the charges against the accused, and are certainly sufficient in the case of mere statutory misdemeanors, as here. Section 32 of title 2, National Prohibition Act, 41 Stat. 305, 317 (Comp. St. Ann. Supp. 1923, § 10138½s).

[3] As to the right to enter the judgments the verdicts were rendered at the July term, 1924, and motions for new trials at once interposed, which were not acted upon until the October term, when further motions for new trials were made. The court thereupon overruled all the motions, and entered the judgments complained of.

[4] A motion for a new trial of itself keeps the case open for the entry of judg-

ment, after the same is acted upon, and clearly so until an ensuing term of the court, and the right to postpone the case for entry of judgment at least until the next term of the court, exists independent of such motion for a new trial. Gillespie v. Walker, Sheriff (C. C. A. 4th Cir.) 296 F. 330.

The judgments of the District Court will be affirmed.

Affirmed.