## LOPEZ v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. December 31, 1926.)

No. 1891.

1. **Criminal law ⬤292(2)—Plea of former acquittal must show that offense charged is same, both in law and in fact.**

To support a plea of former acquittal, it must appear that the offense charged in the two indictments is the same, both in law and in fact.

2. **Criminal law ⬤186—Plea of former acquittal not sustained by direction of verdict under former indictment on ground that it charged no offense.**

Direction of verdict on a count on the ground that it charges no offense under the statute will not support a plea of former acquittal to a subsequent indictment which does charge an offense.

3. **Criminal law ⬤911, 1156(1)—Motion for new trial is ordinarily addressed to court's discretion, and is not reviewable.**

In federal courts, ruling on motion for new trial is discretionary, and not reviewable, except for unusual circumstances.

4. **Army and navy ⬤40(6)—Indictment for taking illegal fee for securing payment of war risk insurance held sufficient.**

An indictment for receiving and retaining a fee exceeding $3 for services in securing payment of war risk insurance, in violation of War Risk Insurance Act, § 13, as added by Act Oct. 6, 1917, § 2, as amended by Act May 20, 1918, § 1 (Comp. St. § 514kk), *held* sufficient.

5. **Criminal law ⬤970(1)—Motion to arrest for insufficiency of indictment is not entitled to favor.**

A motion in arrest, grounded on insufficiency of indictment, is entitled to no favor.

6. **Army and navy ⬤40(1)—Agreement with beneficiary is not defense to prosecution for receiving illegal fee (War Risk Insurance Act, § 13, as added by Act Oct. 6, 1917, § 2, as amended by Act May 20, 1918, § 1 [Comp. St. § 514kk]).**

In a prosecution under War Risk Insurance Act, § 13, as added by Act Oct. 6, 1917, § 2, as amended by Act May 20, 1918, § 1 (Comp. St. § 514kk), for receiving illegal fee for assistance in securing payment of insurance, any agreement or understanding with the beneficiary is immaterial, and not a defense.

7. **Criminal law ⬤814(1)—Instructions on issues not material need not be given.**

The court is not required to give requested instructions on issues not material under the indictment.

In Error to the District Court of the United States for the District of Porto Rico; Arthur F. Odlin, Judge.

Criminal prosecution by the United States against Candido Lopez. Judgment of conviction, and defendant brings error. Affirmed.

Hugh R. Francis, J. B. Soto, and B. F. Sanchez, all of San Juan, Porto Rico, for plaintiff in error.

George R. Farnum, Asst. U. S. Atty., of Boston, Mass. (John L. Gay, U. S. Atty., and Jesus A. Gonzalez, Asst. U. S. Atty., both of San Juan, Porto Rico, on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. An indictment was returned against Lopez in two counts. The first charged him with unlawfully and wrongfully receiving and retaining from Maria Medina de Muniz, the widow, sole beneficiary, and claimant of insurance in the amount of $5,000 of Cristobal Muniz, deceased, late a private in the United States Army, a sum of money more than $3, contrary to the provisions of section 13 of the War Risk Insurance Act, 38 Stat. 711, as amended by Act Oct. 6, 1917, 40 Stat. 398, 399, and Act May

20, 1918, 40 Stat. 555 (Comp. St. § 514kk). The second count charged him with defrauding the United States by obtaining, receiving, and cashing a check payable to Mrs. Muniz to the amount of $5,000, and converting $3,000 of the proceeds thereof to his own use. After a long trial, the jury found him guilty under the first count, and not guilty under the second count.

The case comes here on a writ of error, with 26 assignments of error. It is submitted on briefs; in the defendant's brief we find reference only to the first, second, third, fifth, eighth, tenth, eleventh, and twelfth assignments. The others may properly be regarded as waived. In any aspect they are without merit.

In brief outline, the case presented to the jury was as follows:

Mrs. Muniz lived at Lares, "up in the hills." She was illiterate and very ignorant. Lopez, in 1922, was district chief of police at Yauco. On the death of Mrs. Muniz's soldier husband, she took the insurance papers to Lopez, in order to get his help in collecting the $5,000 due thereunder. The government's check for that amount was received, indorsed by Mrs. Muniz by her mark, and the amount collected. There was evidence from Mrs. Muniz, and otherwise, tending to show that she received and kept only $2,000.

Lopez took the stand. The gist of his evidence was that he charged nothing for assisting Mrs. Muniz to obtain the insurance; that, after she had received the $5,000, she made him a gift of $500, a large portion of which he divided between himself and a lawyer; that all the rest of the $5,000 was paid over to and kept by Mrs. Muniz. He admitted that he wrote a letter, a copy of the translation of which is as follows:

"Yauco, P. R., April 1, 1922.

"Mr. J. A. Gonzalez, Lares, P. R.—Esteemed Compadre: I remit herewith a check drawn against the Credito y Ahorro Popular of Yauco, in the amount of $82.82, as final payment on the account of Maria Medina, in addition the $5 which you let me have on leaving there the other day.

"We made a good trip—the woman left here to-day morning; she was carrying away $2,000 in bills clean money, besides her traveling expenses paid. The Lcdo. did not wish to charge anything, but I retained $500 to pay for the expenses of the transaction, from which amount there remained $300, which I turned over to him as his fees; then he made me a present of $160. You will see that this is no great business as many imagine—permit me to make you a detailed statement of this, as I have the assurance that some one will start talking about this matter, and so you, having been tipped off beforehand, will be able to answer in a definite manner; humanity is so full of scoundrels and some one will surely be thinking that we have tried to skin this woman.

"Clota wrote to Concha by Maria. She is very grateful for the way that you all treated me. I hope to be able to go there soon with my family.

"With nothing further for to-day, as I wish this to catch the afternoon's mail, and with remembrances for all, I remain,

"Gratefully, your 'compadre,' C. Lopez."

We turn now to the assignments argued:

(1) This is to the effect that the court erred in not directing a verdict for the defendant. It is, in effect, a plea of autrefois acquit. The record shows that Lopez was tried twice; that under the second count of the indictment under which he was first tried the court instructed the jury that there was no evidence warranting a verdict. This second count simply charged Lopez with receiving the insurance money with criminal intent to defraud, without designating any party defrauded. In section 27 of the War Risk Insurance Act, 40 Stat. 609 (Comp. St. § 514nnn⅛), it is provided:

"That whoever shall obtain or receive any money, check, allotment, family allowance, compensation, or insurance under articles II, III, or IV of this act, without being entitled thereto, with intent to defraud the United States or any person in the military or naval forces of the United States, shall be punished by a fine or not more than $2,000, or by imprisonment for not more than one year, or both."

[1, 2] Manifestly this count was bad. The order directing a verdict was, in effect, a quashing of this count. At this first trial, the jury disagreed as to the first count. Thereupon, a new indictment was obtained, in which the second count charged fraud upon the United States under section 27, supra. To support the plea of former acquittal, it must appear that the offense charged in the two indictments "was the same in law and in fact. The plea will be vicious, if the offenses charged in the two indictments be perfectly distinct in point of law, however nearly they may be connected in fact." Commonwealth v. Roby, 12 Pick. (Mass.) 496, 504. This is quoted with approval in Burton v. United States, 202 U. S. 344, 380, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 392. An indictment for defraud-

ing the United States would obviously be for a different crime than for defrauding a person in the military or naval service. A fortiori, an indictment for defrauding no named victim is not a charge of defrauding the United States. The second count in the two indictments is therefore not for the same crime. The defendant has not been put twice in jeopardy. Gavieres v. United States, 220 U. S. 338, 31 S. Ct. 421, 55 L. Ed. 489; Henry v. United States (C. C. A.) 15 F.(2d) 365, and cases cited.

[3] (2) The next assignment argued is of error in denying the motion for a new trial. On this record, this assignment falls under the usual rule that motions for new trials are within the discretionary powers of the trial court. Katz v. United States (C. C. A.) 273 F. 157, certiorari denied 257 U. S. 641, 42 S. Ct. 52, 66 L. Ed. 412.

[4] (3) The next contention is that the court erred in denying the motion in arrest of judgment. It is urged that count 1, under which Lopez was convicted, does not allege a crime within the meaning of section 13 of the War Risk Insurance Act, which, so far as now pertinent, is as follows:

"The director shall adopt reasonable and proper rules to govern the procedure of the divisions and to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits of allowance, allotment, compensation, or insurance provided for in this act, the forms of application of those claiming to be entitled to such benefits, the methods of making investigations and medical examinations, and the manner and form of adjudications and awards: Provided, however, that payment to any attorney or agent for such assistance as may be required in the preparation and execution of the necessary papers shall not exceed $3 in any one case. * * *

"Any person who shall, directly or indirectly, solicit, contract for, charge, or receive, or who shall attempt to solicit, contract for, charge, or receive any fee or compensation, except as herein provided, shall be guilty of a misdemeanor, and for each and every offense shall be punishable by a fine of not more than $500 or by imprisonment at hard labor for not more than two years, or by both such fine and imprisonment."

This contention is without merit. The first count alleges explicitly that Lopez "did knowingly, willfully, unlawfully, feloniously, and with criminal intent violate the provisions of section 13 * * * by unlawfully and wrong-

fully receiving and retaining from one Maria Medina de Muniz the sum of three thousand dollars ($3,000) for his services in the preparation and execution of certain papers in connection with" her claim as beneficiary.

[5] A motion to arrest so grounded, coming after verdict, is entitled to no favor and requires no discussion. Compare McGrath v. United States (C. C. A.) 275 F. 294; Baker v. Warner, 231 U. S. 588, 34 S. Ct. 175, 58 L. Ed. 384; De Witt v. United States (C. C. A.) 7 F.(2d) 104.

(4) The next assignment argued is to the effect that there was no substantial evidence to support a conviction. Ayala v. United States (C. C. A.) 268 F. 296, is cited and relied upon.

Lopez himself took the stand and testified at length. We need not review the bulky evidence as to the details of the receipt and cashing of the check, and the disposition of the proceeds. Lopez undertook to explain his letter of April 1, 1922, supra, by claiming that it was written at the request of Mrs. Muniz in order to make her deceased husband's relatives believe that she had received only half of $5,000, and thus relieve her from being bothered by them about money if she had as much as $5,000. The court instructed the jury in effect, that if the jury was satisfied with this explanation they should acquit Lopez. It thus and otherwise appears that the real question before the jury was one of credibility, with which, of course, this court has nothing to do. There is no merit in this assignment.

[6] (5) The next assignment argued is that the court erred in refusing to give the following instruction:

"The court further instructs you that if there was no promise or understanding between Maria Medina and the defendant as to the fact that she was obliged to pay him a certain amount of money and there was no demand on the part of the defendant, then he is not guilty."

The instruction sought is not an accurate statement of the law. No promise by Maria or understanding between her and the defendant was necessary to constitute a crime. The statute, supra, reads:

"No person shall directly or indirectly solicit, contract for, charge or *receive* * * * any fee or compensation except as herein provided," etc.

This is much broader than an excessive charge received pursuant to a promise by or understanding with the beneficiary, or as a result of a demand by the defendant.

[7] (6) It is urged that the court erred in refusing the following instruction to the jury:

"The jury cannot take into consideration anything as regards forgery in connection with the testimony of the expert introduced by the government as Candido Lopez is not standing trial for forgery."

The court was not required to give instructions on issues immaterial under the indictment. Forgery, if in the case at all, was only a minor item in the detailed evidence relating to the receipt and cashing of the check and the disposition of the proceeds. Compare 14 R. C. L. p. 800, § 59.

(7) Error is assigned to the court's refusal to give the following instruction:

"You are further instructed that, if you come to the conclusion that Candido Lopez has defrauded Maria Medina personally, then this court will be without jurisdiction to convict him, as that belongs to the insular court."

There is no merit in this assignment. Lopez was being tried for a crime arising out of the violation of a federal statute. It is entirely immaterial whether he might also have been tried in the insular court for defrauding Maria Medina personally.

(8) The last assignment argued is as follows:

"That the court erred in instructing the jury as follows:

"'As I stated at the outset, this is a very remarkable and very important case; a grievous wrong has been done, either to the United States or to Candido Lopez; he is either guilty and deserves severe punishment, or he is the victim of a very wicked conspiracy, and those who have put this thing up against him ought to be severely punished.'"

The rest of the paragraph is as follows:

"The presumptions are in his favor. You cannot find him guilty unless you believe, beyond a reasonable doubt, that he is guilty. But if you do believe the story of Maria, and that the other witnesses for the defendant testified falsely, then you are justified in finding a verdict of guilty on the first count—if you believe he was her agent in the preparation of the papers. And in regard to the second count, if you come to the conclusion that she never signed that check at all, you are justified in finding him guilty."

There was no error in thus instructing the jury. The charge throughout was eminently fair to the defendant.

We find no error in the trial, and the judgment must be affirmed.

The judgment of the District Court is affirmed.