## NEW YORK UNDERWRITERS' INS. CO. v. PORTWOOD.

### No. 9055.

Circuit Court of Appeals, Eighth Circuit.

June 10, 1931.

Rehearing Denied July 11, 1931.

C. Oscar Carlson, of Chicago, Ill. (Fenton Hume, of Kansas City, Mo., and Robert J. Folonie, of Chicago, Ill., on the brief), for appellant.

Denton Dunn, of Kansas City, Mo. (Clif Langsdale, of Kansas City, Mo., on the brief), for appellee.

Before STONE and GARDNER, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of damages for false arrest and imprisonment.

Heretofore, the bill of exceptions was stricken from the record because not settled or filed within the term when the judgment became final nor within any extension made within such term. The matter is presented upon the alleged error in denying the motion in arrest of judgment. The grounds of this motion were that the petition stated no cause of action and no cause of action for punitive damages.

Here, appellant argues that the petition does not sufficiently aver the authority of the agent of appellant, which agent caused the arrest and imprisonment. The allegation in this regard in the petition is that one Loftus, "while acting within the scope of his said agency and undertaking to serve the defendant in connection with the said policy and the said loss, unlawfully, wickedly, falsely, maliciously and intending to oppress the plaintiff and to deprive her of her liberty, and to bring shame and disgrace upon her, without warrant of law, arrested the plaintiff and deprived her of her liberty in the said

Johnson County, Kansas, and held her under arrest until the arrival of a constable of Johnson County, Kansas, whereupon the said Loftus, acting as aforesaid, unlawfully, wickedly, falsely, maliciously, and intending to oppress the plaintiff and to deprive her of her liberty, and to bring shame and disgrace upon her, caused her to be arrested by the said constable without warrant of law, and to be taken by the said constable to the office of said Breyfogle and Loftus in said Overland Park, Johnson County, Kansas, where the said Loftus, unlawfully, wickedly, falsely, maliciously and intending to oppress the plaintiff and to deprive her of her liberty, and to bring shame and disgrace upon her, caused her to be taken to jail and prison in the City of Olathe, Johnson County, Kansas, without warrant of law, and there to be imprisoned and detained until the afternoon of the 11th day of January, 1929, when she was released and discharged without any complaint or charge of any kind having been lodged or filed against her."

Among other allegations, the answer contained the following: "Further answering, defendant denies the authority of said Loftus as agent of this defendant to arrest plaintiff or cause her to be arrested or imprisoned or deprived of her liberty and on the contrary alleges that said Loftus had no authority from this Company to arrest plaintiff or cause her to be arrested, deprived of her liberty or imprisoned and alleges that if the said Loftus arrested plaintiff or caused her to be arrested and deprived of her liberty or imprisoned, that said act was without any authority from this defendant."

There was no demurrer to the petition. Thus, the situation is that appellant made no challenge of the sufficiency of the petition; answered specifically the very matter which it now claims is not in the petition and after verdict, for the first time, challenges the sufficiency of the petition upon the very ground it answered and tendered issue upon. In this situation, the quoted portion of the petition is certainly sufficient against such motion. Baker v. Warner, 231 U. S. 588, 34 S. Ct. 175, 58 L. Ed. 384. To hold otherwise would be to allow appellant effectually to trap appellee by accepting the petition as sufficient until it had failed in its tendered issue of fact and then overturn the entire proceeding with the resultant expense, effort, and lost time of court and appellee. Justice is not administered in that manner.

The judgment is affirmed.