Roswell S. LEVY, Appellant,

v.

AMERICAN MUTUAL LIABILITY INSUR-
ANCE COMPANY, Appellee.

No. 3307.

District of Columbia Court of Appeals.

Argued Oct. 21, 1963.

Decided Jan. 8, 1964.

Rehearing Denied Jan. 28, 1964.

Samuel C. Klein, Washington, D. C., for appellant.

Francis X. Quinn, Washington, D. C., for appellee. John F. Gionfriddo, Charles Collins and Robert Anderson, Washington, D. C., also entered an appearance for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Appellant originally was a policyholder with American Mutual Liability Insurance Company. Because of dissatisfaction with American Mutual, he did not renew his policy with that company but instead ob-

tained insurance with State Farm Mutual Automobile Insurance Company. In his application therefor he reported that he had never had a policy cancelled and had never been refused insurance—which was correct.

In accordance with standard procedure among insurance carriers, State Farm mailed a "previous experience" inquiry to American Mutual, which returned the form indicating that ten claims had been filed by Levy and that it had declined to renew his policy due to his "loss frequency." Because of this information, admittedly incorrect, State Farm rescinded its policy, but in notifying Levy of its action rephrased the original statement of American Mutual and advised appellant that rescission was based upon a "material misrepresentation" in his application.

Levy brought an action sounding in libel against State Farm and American Mutual seeking both compensatory and punitive damages. The pretrial order limited the causes of action to libel against American Mutual and State Farm, plus breach of contract against State Farm only. After trial the jury returned a verdict in favor of State Farm and against American Mutual for $2,500 compensatory damages plus an equal amount for punitive damages. Upon motion, the trial judge granted judgment for American Mutual, notwithstanding the jury verdict. This appeal followed.[1]

Appellant claims error was committed by the trial judge in granting the judgment *n. o. v.* His principal complaint is the finding by the trial judge that the communication from American Mutual which gave rise to this cause of action "was qualifiedly privileged as a matter of law" and that the evidence adduced at trial "was not sufficient as a matter of law to establish the *actual* or *express* malice which is required to overcome such a defense." [Emphasis supplied by trial judge.] We are of the opinion that the trial judge properly granted the judgment *n. o. v.*, but not for the reasons stated in his ruling thereon.

The trial judge has the responsibility to first determine whether the publication in question is capable of bearing a defamatory meaning. The jury must then decide whether in fact the statement was so understood.[2] It is only when the court can say that the publication is not reasonably capable of any defamatory meaning and cannot be reasonably understood in *any defamatory sense that it can rule*, as a matter of law, that it was not libelous.[3] The burden is upon the complainant to prove the defamatory nature of the publication.[4] If the meaning of the words as published is unambiguous and fairly susceptible of but one meaning, it is for the court to say whether the meaning is defamatory. However, if the language is capable of two meanings, one actionable and the other not, it is for the jury to determine which of the two meanings would be attributed to it by persons of ordinary understanding under the circumstances.[5]

It is our opinion that the language used by American Mutual—that it had "declined to renew for reason of loss frequency"—even though erroneous, is not

---

1. Counsel for appellant concedes that no appeal was taken from the judgment in favor of State Farm.

2. Meyerson v. Hurlbut, 68 App.D.C. 360, 98 F.2d 232, cert. den. Hurlbut v. Meyerson, 305 U.S. 610, 59 S.Ct. 69, 83 L.Ed. 388; Sullivan v. Meyer, 67 App.D.C. 228, 91 F.2d 301; Zapata v. Woodward & Lothrop, D.C.Mun.App., 180 A.2d 497; 3 Restatement of Torts, § 614.

3. Sullivan v. Meyer, supra.

4. Caldwell v. Hayden, 42 App.D.C. 166; 3 Restatement of Torts, § 613.

5. Curtis Pub. Co. v. Vaughan, 107 U.S. App.D.C. 343, 278 F.2d 23, cert. den. 364 U.S. 822, 81 S.Ct. 57, 5 L.Ed.2d 51.

reasonably capable of defamatory meaning.[6] At worst, the words can be construed as implying only that Levy was accident-prone and hence a bad insurance risk. That Levy had declined to renew with American Mutual, and not vice versa, as reported by the company, does not render the words libelous; nor does the fact that State Farm rephrased the report support a defamation charge against American Mutual.

As far as American Mutual was concerned, the complaint against it should have been dismissed at the close of the evidence and the matter not submitted to the jury, but we have gained the impression that, although the pretrial order disclosed no stipulations binding upon the parties at trial, the judge was influenced by a comment in the pretrial statement that "Defendants concede the clarity of innuendo." None of the parties agree as to the meaning of this statement. Counsel for appellant maintains this constituted a concession of liability by both defendants and that when State Farm advised Levy that it was cancelling his insurance because of his misrepresentation, it implied by innuendo that he had lied. Attorneys for both companies insisted that neither defendant intended to admit any libelous statement but to require proof of libel against each at trial. In any event, the jury, in returning a verdict in favor of State Farm, did not accept the characterization given this sentence by appellant's counsel; and as we find that the intercompany report by American Mutual, though erroneous, was not libelous, we hold that the trial court properly granted judgment *n. o. v.*

By reason of our determination of the absence of actionable libel against American Mutual, we do not reach the other issues as to whether there was qualified privilege or malice to justify the award of punitive damages.

Affirmed.

6. At no time was there any equivocation or delay by American Mutual, once the mistake had been called to its attention, in confirming that Levy's policy with it had not been renewed at his request.