Carl D. JOHNSON, Appellant,

v.

JOHNSON PUBLISHING CO., Inc.,
Appellee.

No. 5247.

District of Columbia Court of Appeals.

Argued Sept. 14, 1970.

Decided Dec. 16, 1970.

James B. Gilbert, Washington, D. C., for appellant.

Belford V. Lawson, Jr., Washington, D. C., for appellee.

Before HOOD, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

KELLY, Associate Judge:

The October 6, 1966 issue of Jet magazine, one of appellee's publications, contained the following article:

## MATE COULDN'T CONVERT FAMILY, BEATS THEM: WIFE

In Washington, D.C., Mrs. Helen M. Johnson sought a divorce on grounds of cruelty after accusing her husband, Carl D. Sr., of beating his family when he failed to convert them to his religious beliefs. Mrs. Johnson alleged that subsequent to the marriage, her husband joined the Jehovah's Witnesses and later tried to convert her and the children. When he failed to convert the family, Johnson's wife said he beat and chased the oldest boy from home and punished another son until a daughter became hysterical. According to court records, Mrs. Johnson left her mate last Aug. 5, to escape further punishment.

Appellant, Carl D. Johnson, brought a libel action against the appellee publishing company claiming that he and his family were injured by the article.

In his instructions to the jury the trial judge charged, over objection, that the burden was on the plaintiff (appellant) to establish by a preponderance of the evidence that he had been libeled. In our judgment, however, the words published were libelous per se and it was error for the trial judge not to so instruct. We therefore reverse and remand for a new trial.

■ For many years this jurisdiction has followed the rule that "[a] publication claimed to be defamatory must be read and construed in the sense in which the readers to whom it is addressed would ordinarily understand it."[1] The publication is to be read as a whole, for "[t]he law does not strip words to their minimum meaning and ignore their implications. It does not ignore their context."[2] If after an examination of the entire article there is only one reasonable interpretation of its meaning, it is for the judge and not the jury to say whether or not the words are defamatory.[3]

■ Applying the above principles to this case, we are of the opinion that the article before us has but one reasonable interpretation: that appellant beat his family—his wife and children—and that these beatings resulted in his wife's filing for divorce on the ground of cruelty.[4] The language of the article is thus defamatory since it imputes to appellant "conduct that would render him liable to punishment, or make him odious, infamous, or ridiculous."[5]

1. Commercial Publishing Co. v. Smith, 149 F. 704, 706 (6th Cir. 1907), quoted with approval in Washington Post Co. v. Chaloner, 250 U.S. 290, 293, 39 S.Ct. 448, 63 L.Ed. 987 (1919); Washington Times Co. v. Hines, 55 App.D.C. 326, 327, 5 F.2d 541, 542 (1925). *See also* Williams v. Anti-Defamation League of B'Nai B'Rith, 88 U.S.App.D.C. 99, 101, 185 F. 2d 1005, 1007 (1950); Sullivan v. Meyer, 67 App.D.C. 228, 229, 91 F.2d 301, 302 (1937).

2. Gariepy v. Pearson, 92 U.S.App.D.C. 337, 338, 207 F.2d 15, 16, cert. denied, 346 U.S. 909, 74 S.Ct. 241, 98 L.Ed. 407 (1953).

3. Baker v. Warner, 231 U.S. 588, 594, 34 S.Ct. 175, 58 L.Ed. 384 (1913); Washington Times Co. v. Hines, *supra* note 1. *See also* Lane v. Washington Daily News, 66 App.D.C. 245, 247, 85 F.2d 822, 824 (1936); Levy v. American Mut. Liab. Ins. Co., D.C.App., 196 A.2d 475, 476 (1964).

4. The order of the words in the caption along with the punctuation, while tending to be confusing, does not cloud the clear inference that the husband beat his wife and children—in other words, his family.

5. Chaloner v. Washington Post Co., 36 App.D.C. 231, 233 (1911), rev'd on other grounds, 250 U.S. 290, 39 S.Ct. 448, 63 L.Ed. 987 (1919).

The words used charge an assault, a crime, and to accuse one of a crime is libel per se.[6]

■ We are also of the opinion that the charge to the jury should not have included an instruction on the defense of fair comment on a matter of public interest. The defamatory article in this case is a purported republication of allegations contained in a complaint for divorce filed by appellant's wife. Aside from the defense of truth, the question is whether or not the publication, taken as a whole, was a fair and substantially correct repetition of these allegations and thus privileged. Washington Times Co. v. Hines, 55 App. D.C. 326, 5 F.2d 541 (1925). If the publication fairly and accurately repeats the wife's assertions as contained in the complaint, the defense of qualified privilege is available to appellee absent proof that the article was published with malice. If not, there is no qualified privilege.

■ Appellant argues that the defense of qualified privilege is not available to appellee in any event in light of the many authorities which hold that the privilege to publish reports of judicial proceedings does not arise until some official action in connection therewith has been taken by a magistrate or by the court. Pittsburgh Courier Pub. Co. v. Lubore, 91 U.S.App. D.C. 311, 312, 200 F.2d 355, 356 (1952).[7] The question of whether or not the privilege covers republication of charges made in pleadings is said to be open in this jurisdiction, Washington Times Co. v. Bonner, 66 App.D.C. 280, 284, 86 F.2d 836, 840, n.2

(1936), although the defense has been successfully raised in at least one such suit without discussion of the issue. Washington Times Co. v. Hines, supra. Despite the weight of authority holding that the defense of qualified privilege does not attach to pleadings which have been filed in court but upon which no judicial action has been taken, we nevertheless think that the more persuasive and realistic approach is to the contrary. We agree with the court in Campbell v. New York Evening Post, 245 N.Y. 320, 157 N.E. 153 (1927),[8] which upheld the claim of privilege to report charges made in pleadings on the ground that the filing of a pleading is a public and official act in the course of judicial proceedings. Otherwise, the court said:[9]

The incongruous result follows that a newspaper may freely, if without actual malice, publish the contents of a complaint, if it has been read and filed on an ex parte application for an injunction, an order of arrest, an attachment, or an order of publication, yet, if the complaint has merely been filed as a public document in a public office, the newspaper which publishes its contents runs the risk of repeating a libel. * * *

There is always the possibility that groundless suits may be filed and immediately dismissed after the defamatory allegations have been given wide circulation, but the logic of preventing the republication of what may be groundless defamatory allegations of a complaint when filed,

---

6. Brooker v. Coffin, 5 Johns. 188, 4 Am. Dec. 337, as quoted in Warner v. Baker, 36 App.D.C. 493, 499 (1911), rev'd on other grounds, 231 U.S. 588, 34 S.Ct. 175, 58 L.Ed. 384 (1913). The mere assertion of marital discord has been held to be libelous. Thackrey v. Patterson, 81 U.S.App.D.C. 292, 293, 157 F.2d 614, 615 (1946).

7. Of course, relevant statements in pleadings are absolutely privileged as between the parties, Geier v. Jordan, D.C.Mun. App., 107 A.2d 440 (1954), and between a party and third persons not parties to

the suit. Brown v. Shimabukuro, 73 App.D.C. 194, 118 F.2d 17 (1941); Young v. Young, 57 App.D.C. 157, 18 F.2d 807 (1927).

8. Cf. American Dist. Tel. Co. v. Brink's Inc., 380 F.2d 131 (7th Cir. 1967). This holding does not apply to domestic relation cases in New York only because the record of a matrimonial proceeding is, by statute, secret and confidential. Shiles v. News Syndicate Co., 27 N.Y.2d 9, 313 N.Y.S.2d 104, 261 N.E.2d 251 (1970).

9. 157 N.E. at 155.

yet allowing such republication the moment trial begins or any other judicial action is taken, however slight, is to us totally unconvincing. We therefore follow the minority view that a qualified privilege extends to reports of charges contained in pleadings filed in court.

Our holding that the publication here in question is libelous per se leaves for the jury the questions of whether the publication is true or, if not true, whether, absent proof of malice it is privileged in law as a fair and substantially accurate repetition of the allegations of the complaint.[10]

Reversed and remanded for new trial.

10. In light of the fact that this case must be retried, we do not discuss the remaining allegations of error.